## No. 629

### STATE ex v. BOWEN (Village Clerk)

No. 18683.  Supreme Court

Petition for Mandamus.  Filed June 28, 1924.  2 Abs. 436.

**661.  INTOXICATING LIQUORS—Fees of Prohibition Inspectors.**

The relator is a resident of Rosomoyne, Hamilton county, O., and the defendant is the Clerk of the Village of Newtown, in said county.  Harold W. Balser, the relator, says that about Feb. 21, 1923 under authority of 6212-22 GC., he was appointed by B. F. McDonald, the Ohio State Commissioner of Prohibition, a temporary Prohibition Inspector, without salary, and was such up to about March 5, 1924.

He says that on or about Dec. 3, 1923, he entered into a contract with the Mayor of said Newtown, acting under Ordinance of said village, passed under 6212-37 GC., by the terms of which he, the relator was to receive from said village, compensation in an amount equal to 30 per cent of the village's share of the fine received by said village in all prosecutions for violation of liquor laws in cases prosecuted by him, the relator, before the Mayor of said village.

That in pursuance of said contract there was due to him from the village on March 17, 1924, $45.00 as his share of the said fines so received by it, and on that date he presented to the council thereof a written claim for said sum, which on that date was duly allowed by the said council by ordinance duly passed, by which the said defendant, Bowen, village clerk was directed to draw an order on the treasurer of said village, the said clerk having, before the

passage of the ordinance duly certified that money was in the fund, unappropriated, to pay the said sum of $45.00.

That the demand of the relator to said clerk for a treasury warrant for said sum was refused by him, and that he was wrongfully and illegally refused and still refuses to issue his order on the treasurer of said village, to the relator, for the said sum of $45.00. He therefore prays for a writ of Mandamus to require the said clerk to appear and show cause why he should not issue the order.

Attorneys—Murphy & Joseph, Cincinnati, for plaintiff.